IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE ROY BROWN, SR., PRO SE, | § | |
| also known as G. R. BROWN, | § | |
| also known as ROY BROWN, | § | |
| TDCJ-CID No. 1098499, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0086 |
| | § | |
| WILLIAM K. SUTER, Clerk of the Supreme | § | |
| Court of the Untied States, ET AL.; | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION;**
**ORDER OF DISMISSAL; AND SANCTION AND WARNING**

Plaintiff GEORGE ROY BROWN, SR., acting pro se, has filed suit pursuant to Title 42,

United States Code, section 1983 complaining against WILLIAM K. SUTER, Clerk of the

Supreme Court of the Untied States; KYLE R. RATLIFF, Deputy Clerk of the Supreme Court of

the United States; Judge PAT CLARK; Dr. TOMMY BROWN; Judge's MAC - KFG; Ms.

WYNONIA HANNON, a Texas Notary Public; Ms. KARLA J. M. ROGERS, Attorney at Trial;

Ms. CHRISTINE RENEE BROWN-ZETO, Appeal Attorney; Ms. VICKIE EDGERLY, Orange

County District Clerk; and Mr. JOHN S. MORGAN, Attorney at Law, and has been granted

permission to proceed in forma pauperis.

Plaintiff alleges defendants SUTER and RATLIFF conspired to fail to submit his petition

to the Supreme Court for review, and defendant CLARK acted in excess of his jurisdiction and

was biased during plaintiff's criminal trial in Judge CLARK's court.  Plaintiff also sues a

Dr. TOMMY BROWN, a pathologist who testified as an expert witness for the State; JOHN

MORGAN, Esq., another witness at plaintiff's trial; KARLA ROGERS, his trial attorney; CHRISTINE BROWN-ZETO, his appellate attorney, VICKIE EDGERLY, the Orange County District Clerk; and WYNONIA HANNON, a Texas Notary Public. Lastly, plaintiff sues "JUDGE'S MAC-KFG-CASE No.#1:05-CV-00617 Document 38-1 United States District Eastern District of Texas," alleging the "Judge Time Barred Claim following Clerk Error." The Court construes this as meaning plaintiff is suing the United States District Judge and the Magistrate Judge in the United States District Court for the Eastern District of Texas who were involved in the adjudication of plaintiff's habeas challenge, cause no. 1:05-CV-00617, to his criminal conviction for aggravated assault[1].

Plaintiff requests that the judgment in cause no. A-010583-R[2] be reversed and his sentence vacated. He contends that conviction was obtained "by violation of judicial conduct, judge bias" and requests an award of $10,000,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will

---

[1] See page 2 of plaintiff's habeas petition in cause no. 1:05-CV-0617 in the United States District Court for the Eastern District of Texas, Beaumont Division, at page 2, #4.

[2] Plaintiff's conviction for aggravated assault in cause no. A-010583-R, challenged in habeas action 1:05-CV-0617 in the United States District Court for the Eastern District of Texas, Beaumont Division/

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

### REQUEST FOR HABEAS RELIEF

Plaintiff has not expressly requested release from incarceration, but reversal of plaintiff's conviction and vacation of his sentence would have that effect.  To the extent plaintiff is requesting reversal of his conviction and vacation of his sentence, he is challenging his present confinement and is requesting relief only available through a petition for writ of habeas corpus. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Therefore, plaintiff's request that his conviction be overturned and his sentence vacated must be pursued through an action in habeas corpus.

### EXISTING FIFTH CIRCUIT BAR AGAINST CHALLENGES TO CONVICTION

Review of plaintiff's litigation history reveals plaintiff has made repeated attempts to present his claims in habeas actions.  On August 14, 2006, plaintiff's habeas action  cause no. 1:05-CV-00617 in the United States District Court for the Eastern District of Texas was

---

[4]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

dismissed as barred by limitations.  Subsequently, plaintiff submitted three motions for order

authorizing a successive 28 U.S.C. § 2254 application, cause nos. 09-40605, 10-40298, and 10-

41304, each of which was denied by the United States Court of Appeals for the Fifth Circuit.

Plaintiff was assessed a $200.00 monetary sanction by the United States Court of Appeals

for the Fifth Circuit in the dismissal of cause no. 10-41304 and was barred from filing any

challenge to his conviction in that Court or in any court subject to the jurisdiction of the United

States Court of Appeals for the Fifth Circuit, until his sanction was paid in full without first

obtaining the permission of the forum court.  Plaintiff was cautioned "that filing any future

frivolous or repetitive pleadings in [the United States Court of Appeals for the Fifth Circuit] or

any court subject to [its] jurisdiction [would] subject him to additional and progressively more

severe sanctions.[5]"

To the extent the instant lawsuit seeks reversal of plaintiff's conviction and vacation of

his sentence, it constitutes a challenge to plaintiff's conviction which is barred by the Fifth

Circuit.  Plaintiff has not shown he has satisfied the monetary sanction and did not obtain

permission of this Court prior to filing the instant civil rights action.  By filing this action,

plaintiff is attempting to circumvent the bar against future challenges to his conviction imposed

by the United States Court of Appeals for the Fifth Circuit and has violated that bar.

Plaintiff is subject to an additional sanction for having filed the instant suit without first

obtaining the permission of a judicial officer of this Court.

---

[5]See the February 2, 2011 Order denying Motion for an order authorizing the United States District Court of the Eastern District
of Texas to consider a successive 28 U.S.C. § 2254 application in cause no. 10-41304 in the United States Court of Appeals for
the Fifth Circuit.

**JUDICIAL IMMUNITY**

Plaintiff appears to sue the United States District Judge and the Magistrate Judge who adjudicated his habeas action cause no. 1:05-CV-00617 in the United States District Court for the Eastern District of Texas, Beaumont Division. Plaintiff alleges no act or omission by either or both of these defendants except the dismissal of his action as barred by limitations. Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)(quoting *Bradley v. Fisher*, 13 Wall (80 U.S.) 335, 351, 20 L.Ed. 646 (1872)). Plaintiff's claims against these defendants unquestionably fall within the scope of acts protected by absolute judicial immunity. Consequently, plaintiff's claims against the United States District Judge and the Magistrate Judge who adjudicated his habeas action cause no. 1:05-CV-00617 lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**REQUEST FOR MONETARY RELIEF BARRED BY STATUTE OF LIMITATIONS AND BY *HECK***

To the extent plaintiff seeks monetary relief, *i.e.*, an award of $10,000,000.00, the dates of the acts or omissions alleged against all defendants, except those acts or omissions alleged against defendants SUTER and RATLIFF, show they all occurred more than two years before the April 5, 2012 filing of the instant suit and are, therefore, barred by limitations. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(There is no federal statute of limitations for civil

rights actions; therefore, the two-year Texas general personal injury limitations period is applied.). Further, plaintiff's habeas challenges show he had timely knowledge of the alleged acts or omissions by these defendants, defeating any potential argument for tolling.

In addition, to the extent plaintiff's claims call into doubt his conviction, plaintiff's claims fall under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The *Heck* court held that any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). As shown by the Fifth Circuit bar in force against plaintiff, no such favorable termination to his criminal conviction has occurred. Therefore, any claims for monetary relief under Title 42, United States Code, section 1983 are subject to dismissal with prejudice to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**DEFENDANTS SUTER AND RATLIFF**

Lastly, as to defendants SUTER and RATLIFF, plaintiff claims these two defendants conspired to fail to submit his petition in 11-6882 to the United States Supreme Court for review. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff presents nothing more than speculative and conclusory allegations to support his claim that his petition was not

submitted to the Court for consideration.  Review of the docket in 11-6882 reveals plaintiff's

petition for a writ of mandamus and/or prohibition and motion for leave to proceed in forma

pauperis was filed October 17, 2011 and, on December 1, 2011, was distributed for the

January 6, 2012 conference of the Court.  It was denied as of January 9, 2012.  Further, plaintiff's

petition for rehearing in 11-6882 was filed January 17, 2012 and, on February 15, 2012, was

distributed for the March 2, 2012 conference of the Court.  It was denied as of March 5, 2012.

## CONCLUSION

**SANCTION AND WARNING**

By filing the instant cause challenging his conviction without first obtaining the

permission of this Court, plaintiff has violated the bar imposed by the United States Court of

Appeals for the Fifth Circuit and is subject to the imposition of further sanctions.

IT IS HEREBY ORDERED that plaintiff is prohibited from any new filings challenging

his conviction unless he has first obtained permission from the United States District Judge or the

Magistrate Judge.  Any new filings presented by plaintiff  challenging his conviction which are

not accompanied by prior permission of the Court shall be filed for record-keeping purposes only

and shall then be terminated without consideration of the merits.

Such repetitive and/or frivolous challenges to his conviction will be eligible to be counted

as "strikes" under the Prison Litigation Reform Act.

Plaintiff is WARNED that any future action, whether filed as an action in habeas corpus,

a civil rights action, or any other kind of action which challenges his conviction will result in the

imposition of "additional and progressively more severe sanctions.[6]"  Regardless of how plaintiff titles the action or what statute(s) he invokes, **any** future action challenging his conviction will result in additional and more severe sanctions unless plaintiff first obtains permission from the forum court for filing the action.

**DISMISSAL**

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff GEORGE ROY BROWN, SR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS, WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas,

---

[5]See the February 2, 2011 Order denying Motion for an order authorizing the United States District Court of the Eastern District of Texas to consider a successive 28 U.S.C. § 2254 application in cause no. 10-41304 in the United States Court of Appeals for the Fifth Circuit.

78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas

77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas,

Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the

Three–Strikes List.

It is SO ORDERED.

Signed this the _____ day of April, 2012.


MARY LOU ROBINSON
United States District Judge